**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 04-5023

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DONOVAN ANTHONY STAFFORD, a/k/a Donnavan Brown,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Chief District Judge. (CR-03-112-MU)

---

Submitted: June 22, 2005          Decided: July 29, 2005

---

Before NIEMEYER, LUTTIG, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Allen L. West, HAMILTON, GASKINS, FAY & MOON, P.L.L.C., Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Donovan Anthony Stafford appeals his conviction for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841, 846 (2000), and importing cocaine in violation of 21 U.S.C. §§ 952, 960 (2000).[1] Finding no error, we affirm.

Stafford claims the district court erred when it denied his motion for a judgment of acquittal because there was insufficient evidence to prove he participated in the charged drug conspiracy.[2] This court reviews the district court's decision to deny a motion for judgment of acquittal de novo. United States v. Gallimore, 247 F.3d 134, 136 (4th Cir. 2001). If the motion was based on insufficiency of the evidence, the verdict must be sustained if there is substantial evidence, taking the view most favorable to the government, to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). In evaluating the sufficiency of the evidence, this court does not review the credibility of the witnesses and assumes that the jury resolved contradictions in

---

[1]Stafford has not raised a claim under United States v. Booker, 125 S. Ct. 738 (2005), or Blakely v. Washington, 124 S. Ct. 2531 (2004). Indeed, he raises no challenge to his sentence. Thus, he has waived review of the sentence.

[2]Stafford does not challenge his conviction for being an alien who had previously been convicted of an aggravated felony and who had unlawfully re-entered the United States after deportation in violation of 8 U.S.C. § 1326(a), (b)(2) (2000). Thus, he has waived review of this conviction.

testimony in favor of the government.  <u>United States v. Romer</u>, 148 F.3d 359, 364 (4th Cir. 1998).

"Once a conspiracy has been proved, the evidence need only establish a slight connection between any given defendant and the conspiracy to support conviction."  <u>United States v. Strickland</u>, 245 F.3d 368, 385 (4th Cir. 2001).  Stafford does not dispute that a conspiracy existed between Larry Fullenwinder and Monique Conley to import drugs from Jamaica, but argues that he was merely present at their meetings and did not participate in the conspiracy.  "Participation in a criminal conspiracy need not be proved by direct evidence; a common purpose and plan may be inferred from a 'development and a collocation of circumstances.'"  <u>Glasser</u>, 315 U.S. at 80.  Viewing the evidence in a light most favorable to the Government, the evidence sufficiently established Stafford's participation in the conspiracy.  Stafford was present at conspiracy interactions between Fullenwinder and Conley.  When the conspirators planned a trip to purchase drugs, Stafford went to the travel agency and consulted with Fullenwinder about which airport to depart from.  The jury could reasonably infer that the cash Fullenwinder used to purchase the plane ticket was cash Stafford gave him just before entering the travel agency.  Stafford gave Conley gifts to give to the drug contact in Jamaica and a hat to wear so the contact would recognize her.  With Fullenwinder's help, Stafford instructed Conley about what to do once she arrived

in Jamaica.  This evidence, taken together, is sufficient to establish a significant connection between Stafford and the conspiracy.  The district court did not err in denying Stafford's motion for judgment of acquittal.

Stafford next claims that the district court erred by admitting some of Stafford's statements to Conley, which were translated by Fullenwinder, because the testimony was double hearsay due to Fullenwinder's translations.  Stafford did not object to Conley's testimony, so our review is for plain error.  United States v. Olano, 507 U.S. 725, 732-34 (1993).  Stafford's statements to Conley about the trip to Jamaica were his own statements, and were admissible as admissions by a party-opponent excluded from the definition of hearsay.  Fed. R. Evid. 801(d)(2)(A).  Fullenwinder's translations did not create double hearsay, as an unofficial interpreter is no more than a language conduit.  See United States v. Martinez-Gaytan, 213 F.3d 890, 892 (5th Cir. 2000); United States v. Alvarez, 755 F.2d 830, 860 (11th Cir. 1985).  The district court did not commit plain error in admitting Stafford's statements.

Finally, Stafford claims his trial counsel was ineffective in failing to object to the admissibility of Stafford's statements of instruction to Conley.  Claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively establishes ineffective assistance.  United

States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999).  Our review of the record reveals that Stafford has failed to meet the high burden necessary to raise ineffective assistance of counsel on direct appeal.

Accordingly, we affirm Stafford's conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED